**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NESAR AHMED,

Plaintiff,

v. Case No: 6:25-cv-742-LHP

WOOD GROUP USA, INC.,

Defendant

---

**ORDER**[1]

This case is before the Court on Defendant Wood Group USA, Inc.'s Renewed Motion to Dismiss. Doc. No. 61. *Pro se* Plaintiff Dr. Nesar Ahmed has responded in opposition (Doc. No. 66),[2] and Defendant has filed an authorized reply. Doc. No. 65; *see also* Doc. No. 64. For the reasons discussed herein, the motion (Doc. No. 61) will be granted, and Plaintiff will be afforded one opportunity to file an amended pleading.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge and the Inexpensive Determination, Efficient, and Abbreviated Litigation (IDEAL) Program. Doc. Nos. 53, 55.

[2] This is Plaintiff's second response. *See* Doc. No. 62. Plaintiff has requested that the Court only consider the second response, which was timely filed (*see* Local Rule 3.01(d); Doc. No. 60), and Defendant has not filed anything challenging this request. Thus, the Court will only consider the second response.

## I. BACKGROUND.

On April 7, 2025, Plaintiff filed a Petition for Relief and Request for Jury Trial in state court, which Defendant removed to this Court on April 29, 2025. Doc. Nos. 1, 1-2. *See also* 28 U.S.C. §§ 1331, 1332, 1441, 1446. Defendant moved to dismiss based on improper service of process and failure to exhaust administrative remedies, and Plaintiff opposed. Doc. Nos. 23, 26. Before the motion could be ruled upon, however, the case was dismissed on July 7, 2025 by then-Presiding Distrct Judge Julie S. Sneed due to Plaintiff's failure to file a Notice of Pendency of Other Actions and a Disclosure Statement. Doc. No. 34. After Plaintiff rectified these deficiencies, Judge Sneed reopened the case on December 3, 2025. Doc. No. 52. *See also* Doc. Nos. 36-37, 39, 41-44, 49-51. The case was thereafter reassigned to the undersigned on January 6, 2026 based on the parties' consent to my jurisdiction. Doc. Nos. 53, 55-56.

On January 23, 2026, the Court held a preliminary pretrial conference with the parties, at which the Court provided a schedule for Defendant to file a renewed motion to dismiss, and for Plaintiff to file a response. Doc. Nos. 58, 60. The Court also reminded Plaintiff that any arguments Defendant raises in its renewed motion that Plaintiff does not address in response will be treated as unopposed. Doc. No.

60, at 1-2.[3] Defendant and Plaintiff timely-filed their motion papers (Doc. Nos. 61, 65, 66), and the motion is now ripe for consideration.

## II. ALLEGATIONS OF THE PETITION.[4]

Plaintiff is a law-abiding resident of Florida, who has never knowingly consumed illegal drugs in his lifetime, and has passed all required drug tests. Doc. No. 1-2 ¶¶ 1-2. On February 28, 2025, Defendant offered Plaintiff the position of Senior Structural Design Engineer, with a start date of March 17, 2025. *Id.* ¶ 3. As part of the pre-employment process, Plaintiff submitted to a drug test, and on March 11, 2025, he was informed that traces of marijuana were found in his test sample. *Id.* ¶ 4. Plaintiff provided the test administrator a list of his medications and supplements, which included CBD gummies Plaintiff took to manage his diabetes. *Id.* ¶ 5. According to Plaintiff, CBD gummies are neither banned by the United States government nor the State of Florida, and the test taker confirmed the CBD gummies likely caused the test results. *Id.*

Based on Plaintiff's drug test results, Defendant revoked Plaintiff's job offer on or around March 13, 2025. *Id.* ¶ 7. As set forth in email correspondence

---

[3] The Court also stayed all further proceedings pending resolution of the renewed motion. Doc. No. 60, at 2.

[4] While styled as a "Petition for Relief," it is clear that Plaintiff's filing is a complaint, which the Court treats as such. Further, at the motion to dismiss stage, courts must assume "that all the [factual] allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

attached to the complaint, that same day, Plaintiff emailed Defendant asking for reconsideration of the revocation. *Id.* at 9-11.[5] Plaintiff also asked Defendant for two (2) alternative accommodations: (1) either postpone Plaintiff's start date by approximately one month so that he could cease using CBD gummies and they would be out of his system; or (2) revise Defendant's drug policy to allow for legal marijuana and hemp-derived CBD. *Id.* Defendant denied Plaintiff's requests, explaining that Defendant has a zero-tolerance drug procedure, and that Florida law does not require employers to accommodate an individual's use of marijuana or CBD products, either at work or off-site, does not limit employers from enforcing a drug-free workplace policy, and does not create a cause of action against an employer for wrongful discharge or discrimination based on such drug use. *Id.* at 11-12. Defendant further explained that if an applicant or employee requires an accommodation, it must be requested prior to the drug test and be supported by medical documentation, which Plaintiff did not do. *Id.*

Plaintiff again sought reconsideration on March 26, 2025, which Defendant again denied. *Id.* at 12-14. And on April 3, 2025, Plaintiff reapplied for the same

---

[5] Exhibits attached to the complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

position, but it is unclear from the complaint whether Defendant considered his application. *Id.* at 14-16.

Under a section entitled "Legal Argument," Plaintiff alleges that he is "a victim of an unforeseen consequence – namely, that CBD gummies, a legal product, resulted in the loss of a job opportunity." *Id.* ¶ 8. Plaintiff further alleges marijuana is legally approved for medical use in Florida, and that the sale of CBD products is legal under both federal and Florida law. *Id.* ¶ 9. Thus, Plaintiff contends that Defendant "may have violated state law and infringed upon [his] civil rights as a Florida resident" by penalizing Plaintiff for using a legal substance. *Id.* ¶ 10. Other than citing to Florida law legalizing medical marijuana, Plaintiff does not, however, identify any legal basis for any claim against Defendant, nor does Plaintiff set forth any specific claims for relief. He requests reinstatement of his job offer, with a condition that Defendant not be able to terminate Plaintiff for five (5) years, and no less than $250,000.00 in compensatory damages and exemplary penalties. *Id.* at 5.

## III. LEGAL STANDARD.

The Federal Rules of Civil Procedure mandate that a pleading contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The allegations must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). These requirements exist so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In addition, "[r]ule 10 of the Federal Rules of Civil Procedure requires that each claim be separated into separate counts and supported by distinct factual allegations." *Bagley v. City of Tampa*, No. 8:07-cv-218-T-27EAJ, 2007 WL 9723949, at *1 (M.D. Fla. Sept. 19, 2007) (citing Fed. R. Civ. P. 10(b)).

"The district court has the inherent authority *sua sponte* to require the plaintiff to file a more definite statement" when a complaint fails to comply with Rule 8. *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010)[6] (citing *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)). *See also Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (noting that the court may *sua sponte* dismiss an action "for failure to comply with Rule 8(a)(2) and Rule 10(b)" under its inherent authority). "Where the allegations of a complaint are 'vague

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." *Holbrook*, 405 F. App'x at 460 (alterations in original) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128–31 (11th Cir. 2001), *abrogated on other grounds by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018)).

Courts give a "liberal construction" to *pro se* pleadings. *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). But this leeway is not limitless, as courts cannot serve as "*de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted). *See also Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013) ("[L]iberal construction is not the same thing as wholesale redrafting."). *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, Case No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

**IV. ANALYSIS.**

Defendant argues that Plaintiff's complaint "can only be interpreted as [a] claim alleging discrimination based on his disability," for which Plaintiff failed to exhaust his administrative remedies. Doc. No. 61. Plaintiff argues in his response that any failure to exhaust is subject to equitable tolling, and in any event, his

complaint also alleges a variety of other claims, including a state law claim for promissory estoppel. Doc. No. 66. The Court cannot resolve these arguments at this time, however, for, as detailed above, Plaintiff's complaint fails to comply with the pleading requirements of Rules 8 and 10, and therefore must be dismissed on that basis alone, with leave to replead.

In short, Plaintiff's complaint does not state a claim upon which relief may be granted. The complaint wholly fails to comply with the procedural rules and states no basis in fact that would give rise to a substantive claim. *See* Doc. No. 1-2. Indeed, besides a conclusory reference to Florida's medical marijuana laws and Plaintiff's "civil rights as a Florida resident," the complaint does not include a short and plain statement of the claim(s). *See id*. As best the Court can tell, Plaintiff is complaining about Defendants' drug-testing policy – both as a whole and as it was applied to him – but does not allege how this policy and/or its application to Plaintiff violated any laws. And the email attachments do not shed much light, as while the word "accommodation" is referenced, there is again no mention of any specific state or federal laws. Doc. No. 1-2, at 9-16. Rather, the Court is left to guess at what claims are potentially being asserted.[7] Accordingly, the complaint

[7] This lack of clarity is further demonstrated by the parties' motion papers. Defendant assumes Plaintiff is pursuing a disability discrimination claim, possibly under federal law, state law, or both, and while Plaintiff appears to agree in his response, he also contends that he has sufficiently alleged claims for promissory estoppel and various state law claims. Doc. Nos. 61, 66. Further confusing matters is Defendant's reply, which

is due to be dismissed. *See, Wabe v. Regions Bank*, No. 8:22-cv-988-KKM-JSS, 2022 WL 2121493, at *2 (M.D. Fla. May 3, 2022), *report and recommendation adopted*, 2022 WL 1617741 (M.D. Fla. May 23, 2022) (dismissing complaint where "Plaintiff's Complaint [did] not include a short and plain statement of the claim showing an entitlement to relief," and "the Complaint [was] devoid of any specific factual allegations to explain the harm caused"). *See also Brinson v. Welsh*, 709 F. App'x 582, 585 (11th Cir. 2017) (affirming dismissal of complaint *sua sponte* because it failed to plead relevant facts supporting its cause of action).

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint. *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))). Because it is at

---

notes the vague nature of Plaintiff's complaint, but then addresses the merits of a promissory estoppel claim (while also inserting facts that are not anywhere found in the complaint – such as "at-will employment"), while ignoring Plaintiff's other state law references. Doc. No. 65. However, a party cannot amend his pleading via argument in response to a motion to dismiss. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009))). And the complaint in its current format simply fails to put both Defendant and the Court on notice as to what theories of relief Plaintiff actually seeks to pursue in this case.

least possible that Plaintiff may file an amended complaint stating a claim, the Court will allow Plaintiff to file an amended complaint. *See S & B/Bibb Hines PB 3 Joint Venture v. Progress Energy Fla., Inc.*, No. 8:08-cv-439-JDW-MAP, 2008 WL 2275534, at *1 (M.D. Fla. June 2, 2008) (finding amended complaint subject to dismissal *sua sponte* due to pleading deficiencies, despite a pending motion to dismiss on the merits, and ordering repleader); *Bagley*, 2007 WL 9723949, at *1 (*sua sponte* striking complaint and ordering repleader where, even though not argued in motions to dismiss, Title VII complaint did not comply with Rules 8(a) and 10(b), did not contain any distinct counts, and contained a "disjointed recitation of various incidents" of harassment and retaliation).

That said, Plaintiff is cautioned that in an amended complaint, he must include factual allegations stating a plausible claim for relief, which requires him to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of each cause of action, whether a constitutional provision, treaty, statute, or common law. Plaintiff must name as Defendants only those persons who are responsible for the alleged violations. Plaintiff must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated his rights. Plaintiff

must also allege some causal connection between each Defendant named and the injury he allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

In addition, the Court finds Defendant's argument regarding exhaustion of administrative remedies may have merit. Insofar as Plaintiff seeks to allege a claim of employment discrimination under either the Americans with Disabilities Act ("ADA") or the Florida Civil Rights Act ("FCRA"), "a Florida plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the FCHR within 300 days of the allegedly unlawful employment practice." *Schoelzel v. Volusia Cnty., Fla.*, No. 6:14-cv-1633-Orl, 2015 WL 368939, at *1 (M.D. Fla. Jan. 27, 2015). *See also EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) (holding that, in Florida, only those employment discrimination "claims arising within 300 days prior" to an administrative charge are actionable); *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262-63 (11th Cir.2001) (citing 42 U.S.C. § 12117(a) for same proposition). Thus, any amended complaint must allege compliance with this requirement. And if Plaintiff wishes to assert equitable tolling (as argued in his response), he must still demonstrate that he actually filed a

charge prior to initiating this lawsuit. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that the timely filing of an EEOC charge is a procedural prerequisite "subject to waiver, estoppel, and equitable tolling."); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 n.6 (1984) (clarifying that the Court did not declare in *Zipes* that the EEOC filing requirement need not ever be satisfied, but rather held that timely filing is subject to waiver and tolling); *Grier v. Sec'y of Army*, 799 F.2d 721, 724 (11th Cir. 1986) ("Plaintiff argues that she should be excused from the requirement that any charge of racial discrimination be filed with the agency because she was counseled not to file such a charge by an Army personnel officer and the Atlanta Office of the EEOC. However, even if her version of events is assumed to be true, such equitable considerations are relevant to whether the timeliness requirement for filing a charge should be subject to equitable tolling, not whether a charge must ever be filed at all; it is her failure to exhaust or even begin her administrative remedies that bars her suit." (citations omitted)). *See also Hines v. Widnall*, 334 F.3d 1253, 1257 (11th Cir. 2003) (holding that plaintiff's failure to file an EEOC claim absolutely barred his claims).

Further, if Plaintiff wishes to allege a claim for promissory estoppel under Florida law, he must allege facts sufficient to establish that: (1) the plaintiff detrimentally relied on a promise made by the defendant; (2) the defendant reasonably should have expected the promise to induce reliance in the form of

action or forbearance on the part of the plaintiff or a third person; and (3) that injustice can be avoided only through the enforcement of the promise against the defendant. *See Kablelink Commc'ns, LLC v. S.-Owners Ins. Co.*, No. 3:15-cv-873-J-25JRK, 2015 WL 12844399, at *2 (M.D. Fla. Nov. 10, 2015) (citing *W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)).[8]

**IV. CONCLUSION.**

For the foregoing reasons, Defendant's Renewed Motion to Dismiss (Doc. No. 61) is **GRANTED**, and Plaintiff's Complaint (Doc. No. 1-2) is **DISMISSED WITHOUT PREJUDICE**. Within **twenty-one (21) days** from the date of this Order, Plaintiff may file an amended complaint, which complies in full with the directives and guidance set forth in this Order. Defendant shall respond to any such amended pleading within the time limits set forth in Federal Rule of Civil Procedure 15. Plaintiff is advised that failure to file an amended pleading by this deadline and in compliance with this Order will result in the dismissal of this case,

---

[8] Plaintiff references in his response Florida's Drug-Free Workplace Act, Fla. Stat. § 112.0455. Doc. No. 66, at 6. However, that statute only applies to state agencies. *See* Fla. Stat. § 112.0455(5)(g) (defining "employer" as "an agency within state government that employs individuals for salary, wages, or other remuneration."); *see also Hudson v. City of Riviera Beach*, 982 F. Supp. 2d 1318, 1344 (S.D. Fla. 2013) (noting same). And Florida's drug-free workplace program requirements outlined in Fla. Stat. § 440.102, which apply to private employers, do not create a cause of action. *Hudson*, 982 F. Supp. at 1344; *see also Morrison v. Morgan Stanley Props.*, No. 06–80751–CIV, 2008 WL 1771871, at *6 (S.D. Fla. April 15, 2008) ("There is no evidence in either the statutory language or the legislative structure that the Legislature contemplated a private cause of action against employers who fail to follow drug-free workplace program procedures.").

without further notice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

**DONE** and **ORDERED** in Orlando, Florida on August 25, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties